Argued September 24, affirmed December 19, 1952

# ANDERSON *v.* HELTZEL, PUBLIC UTILITIES COMMISSIONER

251 P. 2d 482

*William Kuykendall*, of Klamath Falls, argued the cause and filed a brief for appellant.

*Robert R. Hollis,* assistant attorney general, of Salem, argued the cause for respondent. With him on the brief were George Neuner, attorney general, and Wallace G. Mills, assistant attorney general, of Salem.

Before BRAND, Chief Justice, and ROSSMAN, LUSK, LATOURETTE, WARNER and TOOZE, Justices.

LUSK, J.

Prior to November 15, 1951, plaintiff was the holder of a permit issued by the public utilities commissioner of Oregon to operate as a common carrier by motor vehicle of property anywhere for hire in irregular route service "within and from and to 50 road miles of Merrill, Oregon". On that day the defendant commissioner, after a hearing in Klamath Falls, Klamath County, Oregon, at which the plaintiff was represented by counsel, entered an order restricting such permit. This was done, according to the recitals of the order, pursuant to authority (granted the commissioner in § 10, ch 488, Oregon Laws 1949, amending § 15, ch 467, Oregon Laws 1947) to suspend or cancel permits or licenses when

"The permittee or licensee has refused, or has failed, except for reasons beyond his control, to exercise the operating rights and furnish service authorized by permit or granted by license for a period exceeding one year or the commissioner may in his discretion restrict the permit or license to conform with operations conducted."

For present purposes it is unnecessary to state the particulars of the restricting order.

Thereafter plaintiff commenced this suit in Klamath County for the purpose of enjoining enforcement of the order. In her complaint she set forth the foregoing facts and alleged that the order was arbitrary and discriminatory for various reasons stated.

Defendant, appearing specially, moved that service of the summons and complaint be quashed, and the court entered an order allowing the motion on the ground that the court was without jurisdiction of the subject matter.

From this order plaintiff has appealed.

The question is entirely one of venue. Plaintiff contends that she is authorized to sue in Klamath County under §§ 112-4, 119 and 112-454, OCLA, while defendant says that the venue is fixed by § 32, ch 467, Oregon Laws 1947, as amended by ch 102, Oregon Laws 1951, which designates Marion County as the only county of venue for such proceedings.

Section 112-454 provides that a public utility, or other person or corporation, aggrieved by an order of the commissioner, "may commence a suit in the circuit court of the county in which the hearing was held against the commissioner as defendant to vacate and set aside any such order", etc. This section, originally enacted in 1911 (General Laws of Oregon 1911, ch 279, § 54), was a part of an act vesting in the Railroad Commission of Oregon, predecessor of the public utilities commissioner, the power and jurisdiction to supervise and regulate the public utilities of the state.

Section 112-4,119 is a codification of § 9, ch 320, Laws of 1939, known as "The Uniform Practice Act of the Public Utilities Commissioner." It prescribes that such a suit "may be commenced by any party so aggrieved in the circuit court of the state of Oregon for Marion county, in the circuit court of the county in

which any hearing is held in the proceedings in which said order is made, or in the circuit court of the state of Oregon for the county in which is located the principal office of any defendant in any such proceedings before the commissioner, and jurisdiction of any such suit hereby is conferred upon the circuit court of the state of Oregon for any of the counties above specified to hear and determine such suit." As the title of the Act indicates, and as one of its provisions, now § 112-4,113, expressly states, it is intended to apply to and govern all hearings upon any matter or issue coming before the commissioner under any act by him to be administered.

In 1947 the legislature passed an act to be known as the "Motor Transportation Code". Oregon Laws 1947, ch 467. This is a special act applying to a particular class of carriers and containing provisions for their supervision and regulation by the public utilities commissoner. Section 32, as amended by ch 102, Oregon Laws 1951, provides:

> "Parties to any proceeding before the commissioner may, when aggrieved by any definitive order made by said officer, prosecute suit or proceeding against the commissioner in the Circuit Court for Marion County to modify, vacate, or set aside such definitive order and any supporting findings or conclusions, and the parties or any of them to said litigation, being aggrieved by the decision of the circuit court therein, may appeal to the Supreme Court. In bringing and prosecuting such litigation, the procedure provided for in titles 112 and 113, O.C.L.A., hereby is adopted and will be followed."

We think that it is this statute which determines the venue in this case. We are not concerned with § 112-454 (the 1911 Act), for clearly it has been super-

seded by the later provision about venue in the Uniform Practice Act of 1939. The controlling principle, as stated in 1 Sutherland, Statutory Construction (3d ed) 490, § 2022, is that where a "later special or local statute is not irreconcilable with the general statute to the degree that both statutes cannot have a coterminous operation, the general statute will not be repealed, but the special or local statute will exist as an exception to its terms." This principle was recognized and applied in *Earle v. Holman,* 154 Or 578, 594, 595, 55 P2d 1097, 61 P2d 1242. See, also, *State v. Preston,* 103 Or 631, 637, 206 P 304, 23 ALR 414. Here the general statute, the Uniform Practice Act, contains a venue provision applicable to all cases arising under any law whatever which the public utilities commissioner is empowered to administer. Later the legslature passed a special act governing motor transportation and included therein the provision for venue which has been set forth. When the two Acts are read together it is as though the legislature had said that the provisions of the Uniform Practice Act should continue as law with respect to all suits brought to vacate or set aside an order of the commissioner except orders made by him in the course of his administration of the provisions of the Motor Transportation Act, and that as to these the later provision should apply. We are of the opinion, therefore, that the exclusive venue for this case is Marion County, and that the court did not err in allowing the motion to quash.

It is argued in the plaintiff's brief that it is frequently a source of great inconvenience and expense to be compelled to come to Marion County to engage in litigation of this kind. This may well be, but the argument is one to be addressed to the legislature and not to the courts.

The order appealed from is affirmed.