Argued and submitted September 25, 1991, remanded with instructions to dismiss February 26, reconsideration denied April 29, petition for review denied May 26, 1992 (313 Or 299)

## PACIFIC NORTHWEST BELL TELEPHONE COMPANY,
dba U S West Communications,
*Appellant,*

*v.*

## Ron EACHUS,
Nancy Ryles and Myron B. Katz,
*Respondents,*

*and*

## CITIZENS' UTILITY BOARD,
*Intervenor-Respondent.*

(A8910-05765; CA A65756)

826 P2d 105

Charles L. Best, Portland, argued the cause for appellant. On the briefs were John R. Faust, Jr., Mildred J. Carmack and Schwabe, Williamson & Wyatt, Portland.

Keith L. Kutler, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder,

Solicitor General, and Robert M. Atkinson, Assistant Attorney General, Salem.

J. Rion Bourgeois, Portland, argued the cause and filed the brief for intervenor-respondent.

Before Richardson, Presiding Judge, and Deits and Riggs, Judges.

RIGGS, J.

## RIGGS, J.

Pacific Northwest Bell (PNB) sued to vacate an order of the Public Utility Commission (PUC) in Multnomah County Circuit Court.[1] ORS 756.580. PNB now appeals the circuit court's judgment. ORS 756.610. We remand with instructions to dismiss.

In November, 1986, PNB negotiated a series of agreements with its affiliate, US West Direct (USWD), providing that, from January 1, 1987, to December 31, 1988, USWD would publish telephone directories on behalf of PNB.[2] PNB granted USWD the exclusive right to use PNB's name and logo in connection with the directories. USWD agreed to pay PNB almost $20 million per year, including a publishing fee of more than $16 million per year.

In July, 1987, PNB applied for PUC approval of the publishing agreement under *former* ORS 757.495 (*renumbered as* ORS 759.390), which governs certain transactions between a regulated utility and an affiliate. In May, 1988, PUC found that the agreement was not a service agreement subject to *former* ORS 757.495, but a transfer of property worth more than $10,000 that is subject to *former* ORS 757.480 (*renumbered as* ORS 759.375). It approved the agreement but reserved for a later proceeding the question of how the directory revenues would affect PNB's rate structure. In June, 1988, PNB requested clarification of that order, and PUC stated that it had approved the sale of an intangible asset but "did not approve the sale price, but rather postponed a determination of the appropriate compensation until a future rate case."

In December, 1988, PNB and USWD agreed to extend the publishing agreement with a major modification: It eliminated the publishing fee that USWD would pay PNB for the right to publish the directories. PNB sought PUC approval for the extension of the publishing agreement. In April, 1989, PUC staff recommended that the PUC disapprove the extension, because the elimination of the publishing fee was not consistent with the public interest. PUC

---

[1] Respondents constitute the Oregon Public Utility Commission.

[2] Both companies are wholly owned subsidiaries of U.S. West, Inc.

considered the recommendation at its regular public meeting. It continued the matter for further consideration and advice by counsel for both PUC and PNB on the effect of *former* ORS 757.480(2) (*renumbered as* ORS 759.375).

In May, 1989, PNB withdrew its request for approval of the extension. Nevertheless, PUC considered the matter at its next regular public meeting and decided to issue an order adopting the recommendations of its counsel. On August 4, 1989, PUC issued Order No. 89-1044 pursuant to ORS 756.515(4), and in October, 1989, PNB sued to vacate the order in the Circuit Court for Multnomah County.

PUC argues, as a threshold issue, that the circuit court lacked subject matter jurisdiction over this case. PUC raised the question below, and the trial court said "I will assume, without deciding, that subject matter jurisdiction is present."

ORS 756.580(1) provides that a party to a proceeding before PUC who is aggrieved by PUC's findings of fact, conclusions of law or order may sue PUC. ORS 756.580(2) provides:

"Such suit may be commenced by any party so aggrieved in the Circuit Court for Marion County, in the circuit court for the county in which any hearing has been held in the proceeding in which the order was made, or *in the circuit court for the county in which is located the principal office of any defendant in any such proceeding before the commission*, and jurisdiction of any such suit hereby is conferred upon the circuit court for any of such counties to hear and determine such suit." (Emphasis supplied.)

PNB argues that it was a "defendant" in the proceedings before PUC and, therefore, could sue in Multnomah County where its principal office is located. PUC argues that PNB was not a "defendant" within the meaning of ORS 756.580(2) and, therefore, the Multnomah County court lacked subject matter jurisdiction to hear the case.

"Defendant" is defined in the context of a complaint proceeding in ORS 756.500(1), which provides:

"Any person may file a complaint before the commission, or the commission may, on the commission's own initiative, file such complaint. The complaint shall be against any

person whose business or activities are regulated by some one or more of the statutes, jurisdiction for the enforcement or regulation of which is conferred upon the commission. The person filing the complaint shall be known as the complainant and *the person against whom the complaint is filed shall be known as the defendant.*" (Emphasis supplied.)

ORS 756.580(2) and ORS 756.500(1) were enacted in 1939 as part of the Uniform Practice Act of the Public Utilities Commissioner. Or Laws 1939, ch 320, §§ 4, 9. The language of those sections as codified has remained substantially the same. We assume that the legislature meant the same definition of "defendant" to apply throughout the act.

The proceeding before the PUC that resulted in Order No. 89-1044 was not a complaint proceeding. No complaint had been filed against PNB. Rather, PNB applied to the PUC for approval of its agreement with USWD. PNB was not a "defendant" under ORS 756.500(1) and ORS 756.580(2). For whatever reason, the legislature has determined that only a "defendant" may sue in the circuit court for the county in which the defendant's principal office is located. Therefore, the Multnomah County Circuit Court did not have jurisdiction to hear the case.

Remanded with instructions to dismiss.