Argued and submitted October 13, 1993, remanded with instructions to dismiss the proceedings March 30, Citizens' Utility Board's petition for review and Utility Reform Project's petition for review denied September 6, 1994 (320 Or 109)

PACIFIC NORTHWEST BELL
TELEPHONE COMPANY,
dba U S West Communications, Inc.,
*Respondent,*

*v.*

Ron EACHUS,
Nancy Ryles and Myron B. Katz,
*Respondents,*

CITIZENS' UTILITY BOARD,
*Appellant.*

(9001-00435)

UTILITY REFORM PROJECT,
*Respondent,*

*v.*

OREGON PUBLIC UTILITY COMMISSION,
*Defendant.*

(9002-01260)

PACIFIC NORTHWEST BELL
TELEPHONE COMPANY,
dba U S West Communications, Inc.,
*Respondent,*

*v.*

Ron EACHUS,
Nancy Ryles and Myron B. Katz,
*Defendant,*

CITIZENS' UTILITY BOARD,
*Intervenor.*

(9001-00435)

UTILITY REFORM PROJECT,
*Appellant,*

*v.*

OREGON PUBLIC UTILITY COMMISSION,
*Respondent.*

(9002-01260; CA A69043)

872 P2d 21

Daniel W. Meek argued the cause and filed the briefs for appellant Utility Reform Project, also a respondent.

Rion Bourgeois argued the cause and filed the briefs for appellant Citizens' Utility Board.

Charles L. Best argued the cause and filed the brief for respondent Pacific Northwest Bell Telephone Company.

Keith L. Kutler, Assistant Attorney General, argued the cause for respondents Oregon Public Utility Commission, Ron Eachus, Nancy Ryles and Myron B. Katz. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Robert M. Atkinson, Assistant Attorney General.

Before Deits, Presiding Judge, and Riggs and De Muniz, Judges.

RIGGS, J.

## RIGGS, J.

Intervenor-appellant Citizens' Utility Board (CUB) appeals from a judgment of the Multnomah County Circuit Court affirming two orders of the Public Utility Commission (PUC) and the stay of one of the orders pending an appeal to this court. Appellant Utility Reform Project (URP) appeals from a judgment from the same court affirming a third order. The two appeals were consolidated. We remand with instructions to dismiss the proceedings.

Pursuant to ORS 756.515(1), PUC opened an "own motion" rate case to determine if Pacific Northwest Bell (PNB) had excessive rates. PUC ordered PNB to reduce telecommunications rates by $24.1 million and to refund excess revenues collected after 1990. PNB appealed the rate reduction order to the Multnomah County Circuit Court and, in the interim, requested a stay of the rate reduction order. CUB intervened in the appeal and cross-claimed PUC's denial of CUB's motion for a refund of excess revenues collected between 1988 and 1990. The circuit court affirmed both PUC orders. PNB appealed the circuit court decision to this court, and CUB cross-appealed. PNB later dropped its appeal.

In a separate case, PUC brought an "own motion" rate case that resulted in an order charging the cost of a research project to ratepayers. URP appealed that order in Multnomah County Circuit Court, which affirmed it. For purposes of appeal to this court, CUB and URP appeals were consolidated.

As a threshold issue, PUC and PNB argue that the Multnomah County Circuit Court did not have subject matter jurisdiction for the appeal of any of the three orders, because all three orders resulted from "own motion" rate cases initiated by PUC under ORS 756.515(1).

Our analysis begins with ORS 756.580(1), which provides that a party aggrieved by a PUC order may sue PUC. Under ORS 756.580(2), PUC may be sued in

"the Circuit Court for Marion County * * * *or in the circuit court for the county in which is located the principal office of any defendant in any such proceeding before the commission* * * *." (Emphasis supplied.)

CUB and URP sued PUC in Multnomah County on the theory that PNB, whose principal office is in Multnomah County, was a "defendant" in the two "own-motion" rate cases that PUC brought pursuant to ORS 756.515(1). ORS 756.515(1) provides:

> "Whenever the commission believes that any rate may be unreasonable * * * or that an investigation of any matter relating to any public utility * * * should be made * * * the commission may on motion summarily investigate any such matter, with or without notice."

After PUC makes an investigation, ORS 756.515(2) allows PUC to order a hearing. ORS 756.515(3) specifies the conduct of the hearing:

> "Thereafter proceedings shall be had and conducted in reference to the matters investigated in like manner as though complaint had been filed with the commission relative thereto, and the same order may be made in reference thereto as if such investigation had been made on complaint."

In *Pacific Northwest Bell Telephone Co. v. Eachus*, 111 Or App 551, 554, 826 P2d 105, *rev den* 313 Or 299 (1992) (*Eachus II*), we held that there was no "defendant" for purposes of ORS 756.580(2) in an "own motion" rate case brought under ORS 756.515(4). "Defendant" is defined by ORS 756.500(1), which provides that "[a]ny person may file a complaint before the commission, * * * and *the person against whom the complaint is filed shall be known as the defendant.*" In *Eachus II*, we reasoned that, because the ORS 756.515(4) proceeding that resulted in the order was not a "complaint" proceeding, there was no "defendant" and thus no jurisdiction in the county where the utility's principal office is located.

CUB and URP argue that an investigation or hearing initiated under ORS 756.515(1) is a complaint proceeding. They point to ORS 756.515(3), which specifies that a hearing ordered after an ORS 756.515(1) investigation shall proceed "in like manner as though complaint had been filed * * *." We understand the term "as though" to be an acknowledgement that there is no complaint. We considered and rejected a similar argument in *Eachus II*.

Remanded with instructions to dismiss the proceedings.