Argued and submitted May 8, 1995, affirmed February 28, petition for review allowed September 24, 1996 (324 Or 229)

COALITION FOR SAFE POWER,
*Plaintiff,*

FORELAWS ON BOARD,
*Intervenor-Appellant,*

CITIZENS UTILITY BOARD OF OREGON,
*Intervenor,*

*v.*

OREGON PUBLIC UTILITY COMMISSION,
*Respondent,*

PACIFIC POWER & LIGHT COMPANY,
*Intervenor-Respondent.*

(A8404-02380; CA A81523 (Control))

UTILITY REFORM PROJECT,
*Appellant,*

*v.*

OREGON PUBLIC UTILITY COMMISSION
and Pacific Power & Light Company,
*Respondents.*

(A8605-02998; CA A82488)

UTILITY REFORM PROJECT,
*Appellant,*

*v.*

OREGON PUBLIC UTILITY COMMISSION
and Pacific Power & Light Company,
*Respondents.*

(A8804-01802; CA A82489)

UTILITY REFORM PROJECT,
*Appellant,*

*v.*

OREGON PUBLIC UTILITY COMMISSION
and Pacific Power & Light Company,
*Respondents.*

(A8505-3006; CA A82882)

911 P2d 1272

J. Rion Bourgeois argued the cause and filed the briefs for intervenor-appellant Forelaws on Board.

Daniel W. Meek argued the cause and filed the briefs for appellant Utility Reform Project. With him on the brief was Linda K. Williams.

Keith L. Kutler, Assistant Attorney General, argued the cause and filed the brief for respondent Oregon Public Utility Commission. With him on the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor

General, and Robert M. Atkinson, Assistant Attorney General.

Katherine A. McDowell argued the cause for intervenor-respondent Pacific Power & Light Company. On the brief were Marcus A. Wood, Stephen S. Walters and Kelly Knivila, and Stoel Rives Boley Jones & Grey.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Forelaws on Board and Utility Reform Project appeal from the trial court's dismissal, for lack of jurisdiction, of these consolidated cases seeking review of various Public Utility Commission (PUC) orders on rate changes that were sought by respondent Pacific Power & Light Company (PP&L). We affirm.

ORS 756.580(2) provides that suits like those in question

"may be commenced by any party so aggrieved in the Circuit Court for Marion County, in the circuit court for the county in which any hearing has been held in the proceeding in which the order was made, or in the circuit court for the county in which is located the principal office of any defendant in any such proceeding before the commission, and jurisdiction of any such suit hereby is conferred upon the circuit court for any of such counties to hear and determine such suit."

■ The suits were filed in Multnomah County, where PP&L's principal office is located. PP&L moved to dismiss for lack of jurisdiction under the criteria set out in ORS 756.580(2). Three questions are presented. The first, which arises in one of the cases, is whether a conference that was held in Multnomah County amounted to a "hearing" for purposes of the statute. We agree with the trial court's negative answer, and believe that no more extensive discussion is necessary.

■ PP&L and PUC also contend that the trial court was correct because the utility was not a "defendant" in the PUC proceedings and, therefore, jurisdiction did not reside in the circuit court of the county where its principal office is located. Their position finds support in *Pacific Northwest Bell Telephone Co. v. Eachus*, 111 Or App 551, 826 P2d 105, *rev den* 313 Or 299 (1992) (*Eachus II*), where we expressly held that a utility that had initiated an ORS 759.390 PUC proceeding that was the subject of a suit brought in the county where its principal office was located was not a "defendant" within the meaning of the relevant statutes. We relied on ORS 756.500(1), which provides, as relevant:

"Any person may file a complaint [concerning a regulated entity] before the [PUC], or the [PUC] may, on [its own

initiative], file such complaint. * * * The person filing the complaint shall be known as the complainant and the person against whom the complaint is filed shall be known as the defendant."

We concluded in *Eachus II* that the utility had initiated the PUC proceeding through its application and, consequently, was not a defendant under the statutes. We therefore held that the circuit court of the county where the utility maintained its principal office lacked jurisdiction under ORS 756.580.

Later, in a different case bearing the same name, *Pacific Northwest Bell Telephone Co. v. Eachus*, 320 Or 557, 888 P2d 562 (1995) (*Eachus IV*), the Supreme Court held that a public utility, which was the subject of an "own motion" proceeding instigated without formal complaint by the PUC pursuant to ORS 756.515, *was* a defendant for purposes of ORS 756.580. The court reasoned, *inter alia*, that the statutes governing PUC proceedings required similar procedural safeguards for utilities subject to "own motion" proceedings as for those subject to complaints under ORS 756.500. The court concluded that ORS 756.500(1) was not the exclusive "description of the entire set of 'defendants' " that could be subject to jurisdiction as such under ORS 756.580(2). *Id.* at 566. The utility subject to the own motion proceeding in *Eachus IV* was held to be a "defendant," over which jurisdiction could be exercised in the county of its principal office.

However, we do not read *Eachus IV* to be inconsistent with the reasoning in *Eachus II* that is pertinent here. Although *Eachus IV* does stand for the proposition that an entity can be a defendant without a formal complaint having been brought against it under ORS 756.500, it is not contrary to the conclusion that follows from *Eachus II* that a utility, like the one here, is not a defendant for purposes of a proceeding brought under ORS 756.610, where the utility initiates the PUC proceeding to obtain an order beneficial to itself. To construe the word "defendant" differently would be to give it a meaning that is contrary to every conceivable

definition of it, and *Eachus IV* does not compel such a construction. We conclude that PP&L was not a "defendant" here, within the meaning of ORS 756.580.[1]

The remaining question is presented by the Supreme Court's footnote in *Eachus IV*, suggesting that ORS 756.580(2) is not a jurisdictional statute, despite its express use of the word and express conferral of "jurisdiction." The court stated:

"Although the circuit court and the Court of Appeals treated the question as a jurisdictional one, we note that, in *Anderson v. Heltzel, Pub. Util. Comm.*, 197 Or 23, 25, 251 P2d 482 (1952), the portion of ORS 756.580 on which the Court of Appeals relied was read to deal with *venue*, rather than with *jurisdiction*. Although we use the term 'jurisdiction' in this opinion, because that is the term used in the statute, we do not, indeed we cannot, alter that prior construction. *See State v. Elliott*, 204 Or 460, 464-65, 277 P2d 754, *cert den* 349 US 929, 75 S Ct 772, 99 L Ed 1260 (1955) (this court's construction of a statute stands until changed by legislature); *State v. King*, 316 Or 437, 445, 852 P2d 190 (1993) (same). The distinction is of no consequence in this case, because the PUC's objection to venue was raised in the trial court. *See Anderson*, 197 Or at 25 (jurisdictional challenge was sufficient to preserve venue question on appeal)."

*Id.* at 561 n 4 (emphasis in original).

■ In *SAIF v. Allen*, 320 Or 192, 204-05, 881 P2d 773 (1994), the court discussed the principle of *stare decisis* and related concepts that underlie the theory that its interpretations "stand until changed by the legislature." The court appears to have concluded that those principles do not apply to interpretations that are expressed in *dictum*. The *Eachus IV* footnote, by its own description, *is dictum*. Although we are not bound by such *dicta*, we certainly do not believe that it is appropriate to disregard it. Nonetheless, in circumstances where other factors lead us to conclude that the comments expressed in *dicta* are not correct, we will not follow them. This is such a case.

---

[1] *Eachus IV* reversed our opinion in that case, 127 Or App 177, 872 P2d 21 (1994), in which we relied to a large extent on *Eachus II*. We nevertheless conclude, for the reasons stated in the text, that *Eachus IV* and *Eachus II* are consistent insofar as situations of the present kind and the kind in *Eachus II* are involved.

There are number of factors that lead us to conclude that we should not follow the *dictum* here. First, the footnote in *Eachus IV* relies on language from *Anderson* that is itself *dictum* and is of doubtful relevance to the point for which *Eachus IV* cites it. The question in *Anderson* was whether the predecessor to ORS 756.580 or an entirely different circuit court review provision was applicable to the particular type of PUC proceeding involved in that case. Applying the maxim that the more specific statute prevails over the more general, the court held that the other statute was the applicable provision *and that ORS 756.580 was not*. Even if the court's choice of the word "venue" can be read as referring to ORS 756.580, rather than to the other statute that it held to be the applicable one, the *Anderson* language would be *dictum* of the most superfluous kind. ORS 756.580 was held to be inapplicable for reasons that did not make any interpretation of its meaning on the point in question necessary.

Moreover, if it does relate to that point, the correctness of the *Anderson* language is, at best, questionable. As PP&L points out, Supreme Court decisions since *Anderson* have not perpetuated any suggestion that ORS 756.580 deals with venue *instead* of jurisdiction. Indeed, in *Dickinson v. Davis*, 277 Or 665, 667-68, 561 P2d 1019 (1977), the court said — albeit also in *dictum* — "[j]urisdiction and venue for suits challenging PUC orders is [sic] placed in the circuit courts in any one of three possible counties" under ORS 756.580. (Emphasis supplied.) As the more recent *dictum, Dickinson* can be no *less* authoritative as a Supreme Court interpretation of the statute than *Anderson* is, and the legislature has not changed the statute in response to either case.

■ Against that background, we decline to adopt the suggestion in *Eachus IV* that *Anderson* definitively "interpreted" the unambiguous word "jurisdiction" in ORS 756.580(2) to mean "venue." We adhere to our holding in *Eachus II* that ORS 756.580 is a jurisdictional provision. The trial court did not have jurisdiction under the statute here, and it did not err by dismissing the proceedings.

Appellants' remaining arguments do not require discussion.

Affirmed.