Argued and submitted May 1, decision of the Court of Appeals and judgments of the circuit court reversed; cases remanded to the circuit court for further proceedings July 18, 1997

COALITION FOR SAFE POWER,
*Plaintiff,*

FORELAWS ON BOARD,
*Petitioner on Review,*

CITIZENS UTILITY BOARD OF OREGON,
*Intervenor,*

*v.*

OREGON PUBLIC UTILITY COMMISSION,
*Respondent on Review,*

*and*

PACIFIC POWER & LIGHT CO.,
*Intervenor / Respondent on Review.*

(CC A8404-02380; CA A81523 (Control))

UTILITY REFORM PROJECT,
*Petitioner on Review,*

*v.*

OREGON PUBLIC UTILITY COMMISSION AND
PACIFIC POWER & LIGHT COMPANY,
*Respondents on Review.*

(CC A8505-3006; CA A82882)

UTILITY REFORM PROJECT,
*Petitioner on Review,*

*v.*

OREGON PUBLIC UTILITY COMMISSION AND
PACIFIC POWER & LIGHT COMPANY,
*Respondents on Review.*

(CC A8605-02998; CA A82488)

UTILITY REFORM PROJECT,
*Petitioner on Review,*

*v.*

OREGON PUBLIC UTILITY COMMISSION AND
PACIFIC POWER & LIGHT COMPANY,
*Respondents on Review.*

(CC A8804-01802; CA A82489; SC S43274)

939 P2d 1167

Daniel W. Meek, Portland, argued the cause and filed the briefs for petitioners on review. With him on the brief was Linda K. Williams, Portland.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent on review Oregon Public Utility Commission. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Katherine A. McDowell of Stoel Rives LLP, Portland, argued the cause and filed the brief for respondent on review Pacific Power & Light Co. With her on the brief were Charles F. Hinkle and Marcus Wood.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, and Durham, Justices.**

GILLETTE, J.

---

** Graber and Kulongoski, JJ., did not participate in the consideration or decision of this case.

**GILLETTE, J.**

These four consolidated cases are actions to set aside orders issued by the Oregon Public Utility Commission (the PUC). The actions—or "suits," as they are styled by statute—were filed pursuant to ORS 756.580(1).[1] All four were filed in the Multnomah County Circuit Court in the mid-1980s and were prosecuted in that court without any challenge to that court's jurisdiction for several years. In 1993, however, the Multnomah County Circuit Court concluded that, under ORS 756.580(2), set out below, 325 Or at 451, it lacked subject matter jurisdiction over the proceedings. It therefore dismissed the cases. Petitioners Forelaws on Board (FOB) and Utility Reform Project (URP) appealed. The Court of Appeals affirmed. *Coalition for Safe Power v. PUC*, 139 Or App 358, 911 P2d 1272 (1996). We allowed petitioners' petition for review to consider whether the Court of Appeals correctly analyzed the effect of ORS 756.580(2). We conclude that it did not and, therefore, reverse the decision of the Court of Appeals.

Although each of the present cases pertains to a different PUC order, they are similar in other respects. Each case began when Pacific Power & Light Company (PP&L) filed a tariff schedule revision with the PUC.[2] In each case, the PUC opened a proceeding for the filing and held hearings pursuant to ORS 757.210 to examine the propriety and reasonableness of the rate revision.[3] In each case, the revision

---

[1] ORS 756.580(1) provides:

"A party to any proceeding before [the PUC], when aggrieved by any findings of fact, conclusions of law or order, including the dismissal of any complaint or application by [the PUC], may prosecute a suit against [the PUC] to modify, vacate or set aside such findings of fact, conclusions of law or order."

*Cf.* ORCP 2, which provides, in part: "There shall be one form of action known as a civil action * * *."

[2] Under ORS chapter 757, public utilities are required to file schedules of their current rates with the PUC and are prohibited from charging rates other than those that appear in the schedule that is on file. ORS 757.205, 757.225. When a public utility wishes to increase its rates, it must file a *new* schedule (or an amendment to the existing schedule) with the PUC at least 30 days before the increase is to take effect. ORS 757.220.

[3] ORS 757.210(1) provides, in part:

"Whenever any public utility files with [the PUC] any rate or schedule of rates stating or establishing a new rate or schedule of rates or increasing an

became the object of a written "complaint" that was submitted to the PUC within 60 days of the filing.[4] And, in each case, the PUC's final order approving the revision (or some variant thereof) was challenged in Multnomah County Circuit Court under ORS 756.580(1).

As noted, the cases proceeded for some time in Multnomah County Circuit Court. Then, in 1993, PP&L and the PUC filed joint motions to dismiss all four cases for lack of jurisdiction. In arguing for dismissal, they relied on ORS 756.580(2), which provides:

"[An action under ORS 756.580(1)] may be commenced * * * in the Circuit Court for Marion County, in the circuit court for the county in which any hearing has been held in the proceeding in which the order was made, or in the circuit court for the county in which is located the principal office of any defendant in any such proceeding before the commission, and jurisdiction of any such suit hereby is conferred upon the circuit court for any of such counties to hear and determine such suit."

Working from the premise that ORS 756.580(2) is a jurisdictional, rather than a venue, statute,[5] the PUC and PP&L argued that none of the circumstances that would confer jurisdiction on the Multnomah County Circuit Court under that statute was present—that PP&L was not a "defendant" in the proceedings before the PUC, and that no "hearing" in those proceedings had been held in Multnomah County.[6] The

---

existing rate or schedule of rates, [the PUC] may, either upon written complaint or upon [the PUC's] own initiative, after reasonable notice, conduct a hearing to determine the propriety and reasonableness of such rate or schedule. [The PUC] shall conduct such a hearing upon written complaint filed by the utility, its customer or customers, or any other proper party within 60 days of·the utility's filing; provided that no hearing need be held if the particular rate change is the result of an automatic adjustment clause. At such hearing the utility shall bear the burden of showing that the rate or schedule of rates proposed to be established or increased or changed is just and reasonable."

[4] In three of the cases, the Utility Reform Project (URP) submitted a "Complaint and Petition to Intervene" to the PUC before the PUC had announced any intention to initiate proceedings on its own motion. Those complaints sought a hearing and recognition as a party, but did not accuse PP&L of any specific wrongdoing. In the remaining case, a "Complaint" was filed by the Direct Service Industries, an intervenor, after the PUC had initiated proceedings on its own motion.

[5] If the statute were only a venue statute, the objections by PP&L and the PUC to the Multnomah County proceedings would have come too late.

[6] It is undisputed that PP&L's principal offices are in Multnomah County. As will be seen, however, the issue here is not whether PP&L has its principal offices

circuit court agreed, granted the motions to dismiss in each case, and entered judgments accordingly.

In a consolidated appeal, the Court of Appeals affirmed. Relying on its own opinion in *Pacific Northwest Bell Telephone Co. v. Eachus*, 111 Or App 551, 826 P2d 105, *rev den* 313 Or 299 (1992), the court concluded that, because PP&L had "initiat[ed] the PUC proceeding to obtain an order beneficial to itself," it was not a "defendant" under *any* conceivable meaning of that term pursuant to ORS 756.580(2). *Coalition for Safe Power*, 139 Or App at 362-63. The court further held that ORS 756.580(2) is a jurisdictional, rather than a venue, statute.[7]

Petitioners contend that the Court of Appeals is wrong because, in all four cases, PP&L was a "defendant" before the PUC within the meaning of ORS 756.580(2). They further contend that, in any event, ORS 756.580(2) pertains only to venue. Our review proceeds no further than the first issue, *viz.*, whether, for purposes of ORS 756.580(2), PP&L was a "defendant" in the proceedings in which the challenged orders were made.

With regard to that issue, petitioners maintain that PP&L was a defendant in the proceeding before the PUC for the reason that, in each case, PP&L was a person against whom a complaint was filed. Petitioners rely on ORS 756.500(1), which provides:

"Any person may file a complaint before [the PUC], or [the PUC] may, on [the PUC's] own initiative, file such complaint. The complaint shall be against any person whose business or activities are regulated by some one or more of the statutes, jurisdiction for the enforcement or regulation of which is conferred upon [the PUC]. The person filing the complaint shall be known as the complainant and the person against whom the complaint is filed shall be known as the defendant."

in Multnomah County, but whether PP&L was a "defendant in any * * * proceeding." (If it was not a defendant, the location of its principal offices is not relevant.)

[7] The Court of Appeals also held that a prehearing "conference" that was held in Multnomah County in one of the four cases was not a "hearing" for purposes of ORS 756.580(2). *Coalition for Safe Power*, 139 Or App at 361. Because the disposition that we make in this opinion applies to all four cases, we do not address that issue.

The PUC and PP&L argue, to the contrary, that PP&L was *not* a "defendant" in the proceedings before the PUC. In so arguing, they emphasize that the challenged orders arose out of rate case proceedings—proceedings that traditionally are not associated with litigation roles, such as those of plaintiff and defendant. They contend, moreover, that, to the extent that a utility can be assigned to *any* role in the context of a rate case authorized by ORS 757.210, it must be the role of the traditional *plaintiff*. That is so, in their view, because it is the *utility* that initiates the proceeding (by filing a revised tariff), carries the burden of proof and, ultimately, stands to gain from the proceeding.

We are not persuaded by respondents' arguments. First, the proposition that a utility initiates proceedings by filing a tariff is not born out by the statute. Although rate cases under ORS 757.210 are *about* tariff filings, it is clear from the text of that statute that the actual hearings are triggered, not by the filing itself, but by a later event—either a decision by the PUC to hold hearings or the submission to the PUC of a written complaint by a "proper party." Moreover, to the extent that tariff filings are effective *unless* they are challenged by written complaint or the PUC's own motion, it should be clear that, if a proceeding *does* occur, the utility's role is that of a *defender* of the proposed new rates.

Second, the fact that the utility carries the burden of proof in ORS 757.210 proceedings is not dispositive. The fact that the utility is assigned the burden of proof tells us nothing about whether the utility is a defendant for purposes of ORS 756.580(2). Many statutes place the burden of proof on some of or all the issues to be decided in a proceeding on a party that is indisputably in the role of defendant.[8]

---

[8] *See, e.g.*, ORS 742.704 (placing burden of proving the reason for cancellation of commercial liability insurance policy on insurer, when insured challenges insurer's cancellation before the Department of Insurance and Finance); ORS 105.139 ("If a landlord brings an action for possession under ORS 90.400(3) and the person in possession contends that the tenant has not vacated the premises, the burden of proof shall be on the defendant as to that issue."); ORS 726.380 (in action alleging that a pawnbroker has lost or damaged a pledge, "the burden of proof to establish due care shall be upon the pawnbroker").

Third, and most importantly, respondents' attempt to analogize to traditional common-law litigation roles is rendered irrelevant by the fact that "defendant" is defined *in the statutes themselves* in terms that are relevant to the facts of the present cases: Under ORS 756.500(1), a "defendant" is a person or entity who is regulated by the PUC and against whom a "complaint" has been filed. As previously noted, *someone* filed a written complaint against PP&L early in the rate proceedings underlying each of the present actions. Even if PP&L would not have been considered a defendant in the proceedings in the absence of those complaints (an issue that we do not decide), the complaints made PP&L a "defendant" within the meaning of ORS 756.500(1).

It is true that ORS 756.500(1) is not part of the statutes that describe rate case procedure. Indeed, it does not even appear in the same chapter—ORS chapter 757—as do those procedures. However, the meaning of "defendant" in ORS 756.500(1) is made applicable, where relevant, to rate proceedings by ORS 756.518. ORS 756.518 provides:

> "Except as otherwise provided the provisions of ORS 756.500 to 756.610 apply to and govern *all hearings upon any matter or issue coming before [the PUC] under any statute administered by [the PUC], whether instituted on the application, petition or complaint of others or initiated by [the PUC]*, together with the orders of [the PUC] therein and the review thereof in the courts."

(Emphasis added.) Because the proceedings at issue here were before the PUC under a statute administered by the PUC, ORS 756.500(1) applies, unless it can be said that the legislature has "otherwise provided" or that the complaint procedure described in that statute is irrelevant to proceedings under ORS 757.210.

Respondents suggest that ORS 756.500(1) *is* irrelevant, because the complaints filed in the PUC in the present cases were "written complaint[s]" under ORS 757.210(1) and, as such, were different from the "complaint[s]" mentioned in ORS 756.500(1). But there is nothing in the applicable statutes to suggest that the legislature drew such a distinction between the two references to "complaint" or intended the latter as anything other than a subspecies of the former.

Respondents further suggest that the complaints filed in these cases did not function as "true" complaints—that they only sought intervention and a hearing, but did not "state a claim, request relief, shift the burden of proof or trigger the obligation to answer." But ORS 756.500 does not require much—only that the complaint "state all grounds of complaint on which the complainant seeks relief" and "pray for the relief to which the complainant claims the complainant is entitled." ORS 756.500(3). The complaints in these cases were sufficient—they prayed for intervention and a hearing and stated at least some issues or objections that the complainant intended to raise at the hearing.

Finally, respondents advert to this court's recent decision in *Pacific Northwest Bell Telephone Co. v. Eachus*, 320 Or 557, 888 P2d 562 (1995) (*Eachus IV*) as evidence of a "common sense" approach to determining whether a utility was a defendant in a proceeding—an approach that "cuts through" the statutory arguments and focuses on whether, as a functional matter, the utility has been treated as a defendant. Respondents misconceive our holding in that case. Although we did reject the notion that ORS 756.500(1) contains the *exclusive* definition of the term "defendant" for purposes of ORS 756.580(2), we did not and, indeed, could not, remove that definition from the statutes. That definition survives our decision in *Eachus IV* and, as we have shown, it is decisive in the present circumstances. As to that definition, the only possible distinction between *Eachus IV* and the present case is that the PUC was the defendant in *Eachus IV*, while both the PUC and PP&L are defendants in the present proceeding. That distinction has no significance under the words of the statute.

In each of the proceedings presently at issue, PP&L was a "person against whom [a] complaint [was] filed." PP&L therefore was a "defendant" within the meaning of ORS 756.500(1) for purposes of those proceedings and, consequently, for purposes of ORS 756.580(2). It follows that petitioners properly filed their actions in Multnomah County Circuit Court—the circuit court of the county in which PP&L's principal office is located. The Court of Appeals erred in holding otherwise.

The decision of the Court of Appeals is reversed. The judgments of the circuit court are reversed. The cases are remanded to the circuit court for further proceedings.