Argued and submitted July 26, 1989, order vacated; remanded for further proceedings January 24, reconsideration denied March 30, petition for review denied June 5, 1990
(310 Or 121)

# The FEDERAL LAND BANK OF SPOKANE,
*Plaintiff,*
## and
# WAYT,
*Appellant,*

*v.*

## GLENN et al,
*Defendants,*

## PRATT et ux,
*Respondents.*

## (87-05-31266; CA A50828)

785 P2d 1069

Timothy R. Volpert, Portland, argued the cause for appellant. With him on the briefs were Phillip C. Querin, Peter A. Sergienko, and Ragen, Tremaine, Krieger, Schmeer & Neill, Portland.

David C. Baum, La Grande, argued the cause for respondents. With him on the brief was Helm, Baum & Riedlinger, La Grande.

Before Joseph, Chief Judge, and Riggs and Edmonds, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Appellant, who purchased property from the Federal Land Bank of Spokane (mortgagee) after it had foreclosed its mortgage, appeals from an order requiring the sheriff of Union County to issue to Pratt (mortgagor)[1] a certificate of redemption. We vacate the order and remand.

On June 2, 1975, mortgagor and others gave a mortgage on ranch property in Union County to mortgagee. A stipulated foreclosure judgment was entered on October 9, 1987, and mortgagee bought the property at the sheriff's sale on December 8, 1987. On June 23, 1988, appellant purchased the property from mortgagee. On December 1, 1988, mortgagor filed notices with the sheriff stating that he would redeem the property from appellant on December 16, 1988. On December 2, 1988, mortgagor filed an amended notice, changing the redemption date to December 7, 1988. The money was apparently not available on that day, and mortgagor tendered the funds on December 8. After a hearing on the timeliness issue, the circuit court ordered the sheriff to issue a certificate of redemption as of December 8, 1988. Appellant filed no objections to the redemption and was not represented at the redemption hearing. He appealed the order to this court.[2]

Appellant claims that the order confirming the redemption as timely was erroneous, because it was not accomplished until 366 days after the foreclosure sale. He argues that, as a matter of law, the redemption is void.

■ Whether the redemption was timely is an easy question. It was not, by more than 185 days. ORS 23.560; *see Director of Veterans' Affairs v. Petersen,* 94 Or App 314, 766 P2d 386 (1988), *affirmed on different grounds,* 308 Or 632, 784 P2d 1076 (1989).[3]

---

[1] The Glenns and the Pratts mortgaged the property in 1975. They became bankrupt before foreclosure. Mortgagee was relieved from an automatic stay under 11 USC § 362(A) and then foreclosed on the property. Ronald Pratt, alone, purchased the redemption rights from the bankruptcy trustee and sought to redeem the property.

[2] He was not named as a party below. We entered an order joining him as a party pursuant to ORS 1.160 and ORCP 34E. *See* ORCP 26A.

[3] Even if a one-year redemption period were applicable, mortgagor loses. The sheriff's sale occurred December 8, 1987, and the actual redemption occurred on December 8, 1988. 1988 was a leap year, and the redemption occurred 366 days after the sale. A year is 365 days. *See Kirk et al. v. Rose v. Woods et ux,* 218 Or 593, 599, 346

■     Mortgagor, however, raises questions concerning appellant's right to appeal that, if valid, could deny appellant relief from the order. He first contends that appellant received proceeds from the redemption and, therefore, acquiesced in the trial court's order and waived his right to appeal. However, it does not appear in the record that appellant, in fact, has received or accepted any money from mortgagor or anyone else as a result of the purported redemption.[4] Therefore, there is no basis for a claim of waiver, even assuming that the law is as mortgagor would have it.

Mortgagor's estoppel argument is without merit.

The redemption, as a matter of law, was untimely. The order is void.

Order vacated; remanded for further proceedings not inconsistent with this opinion.

---

P2d 90 (1959), *overruled in part on other grounds First Federal v. Gruber,* 290 Or 53, 618 P2d 1265 (1980).

The trial court erred when it held that the extra day was not a substantial irregularity and that the redemption could proceed. The right to redeem from a foreclosure is wholly statutory. The trial court could not lessen mortgagor's responsibility to redeem within the statutory period. *Stamate v. Peterson,* 250 Or 532, 533, 444 P2d 30 (1968).

[4] At the hearing, the attorney for mortgagee claimed that the party entitled to the money was he, as representative of mortgagee. He said that he had spoken with appellant the day before, and "I did [receive?] express authorization to go ahead and receive those funds and make a wire transfer to him accordingly." There is nothing else in the record.