Argued and submitted March 30, reversed and remanded with instructions
April 22, 1992

## DOLSON LEASING COMPANY,
through its successors in interest
Jerry D. Hamlik and Anneatta A. Hamlik,
*Appellants,*

*v.*

Clarence I. McKEE
and Dremma McKee,
dba Dee Cee Video,
through their successors in interest
Don Hensley and Sletta Hensley,
*Respondents.*

(A8507-04601; CA A70014)

829 P2d 720

Robert M. Johnstone, McMinnville, argued the cause for appellants. With him on the briefs were George J. Zarzana, James Eduard White and Johnstone & Zagar, McMinnville.

Dennis M. Paterson, Portland, argued the cause for respondents. With him on the brief was Davis Wright Tremaine, Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Durham, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Appellants, successors in interest to a judgment creditor, appeal from the trial court's order allowing respondents, the debtors' successors, to redeem real property on which appellants had foreclosed and which they had purchased at the subsequent sheriff's sale. Appellants also contend that the court erred by denying their motion for an order directing issuance of a sheriff's deed to the property.

The parties agree that the 180-day period for the exercise of respondents' redemption rights under ORS 23.560(1) expired on April 8, 1991, and that respondents did not initiate the redemption process until at least one day after that. Respondents contend, however, that the delayed redemption was valid, because the sheriff's notice, given them pursuant to ORS 23.515, recited "YOU WILL LOSE THE RIGHT TO BUY BACK YOUR PROPERTY ON April 19, 1991." The capitalized language and a blank are part of the form of notice prescribed by ORS 23.515(2). The date was filled in by the sheriff.

Respondents argue:

"It is true that April 7, 1991, was 180 days from the date of the sheriff's sale and that because April 7 was a Sunday, April 8, 1991, would be the date redemption would expire under ORS 23.560(1). Nevertheless, as stated in ORS 174.020, '. . . When a general and particular provision are inconsistent, the latter is paramount to the former.' The April 1[9]th date provided by ORS 23.515 is much more specific than the general 180 day requirement provided under ORS 23.560(1). Therefore, [respondents'] redemption rights were to expire on April 19, 1991, *not* April 8, 1991." (Emphasis respondents'.)

The principal and decisive problem with the argument is that there is no inconsistency between the statutes. ORS 23.515 is a notice provision, and it does not alter the redemption period or the redemption rights delineated in other statutes. The "inconsistency" is between the information inserted in the notice by the sheriff and the information that *both* statutes required it to contain. The notice form set out in ORS 23.515(2) — and the notice that respondents were in fact given — states, in part:

"The law that gives you the right to buy back your property is found in Oregon Revised Statutes 23.520 to 23.600. You must follow exactly the instructions provided there."

It is settled law that neither a court nor a sheriff has authority to extend the statutory period for exercising redemption rights or, generally, to alter the requirements of the redemption statutes in other ways. *Stamate v. Peterson,* 250 Or 532, 444 P2d 30 (1968); *Federal Land Bank of Spokane v. Glenn,* 100 Or App 262, 265, n 3, 785 P2d 1069, *rev den* 310 Or 121 (1990); *see also Director of Veterans' Affairs v. Petersen,* 308 Or 632, 784 P2d 1076 (1989). Respondents had no right to rely on the erroneous date in the notice.

Reversed and remanded with instructions to vacate order allowing redemption and to issue order directing issuance of sheriff's deed to appellants.