Michael **SAIN**; Ryan White; Lori J. Sain, personally and as next friend for Crystal Sain, Plaintiffs–Appellants,

v.

**CITY OF BEND**; Buck Church; Tom Pine; Al Campbell, Defendants–Appellees.

No. 00–36033.

United States Court of Appeals, Ninth Circuit.

Submitted July 8, 2002.*

Filed Oct. 29, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Mikel R. Miller, Bend, OR, for the plaintiffs-appellants.

Robert E. Franz, Jr., Springfield, OR, for defendants-appellees City of Bend, Buck Church, and Tom Pine.

Robert S. Wagner, Miller & Wagner LLP, Portland, OR, for defendant-appellee Al Campbell.

Before: FERGUSON, W. FLETCHER, Circuit Judges, and KING,** District Judge.

Opinion by Judge WILLIAM A. FLETCHER; Concurrence by Judge KING.

WILLIAM A. FLETCHER, Circuit Judge.

Plaintiffs filed an action under 42 U.S.C. § 1983 in federal district court, and the court dismissed on the ground that plaintiffs' complaint was barred by the two-year statute of limitations under Or.Rev.Stat. § 30.275. We reverse on two independently sufficient grounds. First, we hold that plaintiffs' complaint was timely filed be-

** The Honorable George H. King, United States District Judge for the Central District of California, sitting by designation.

cause we look to Federal Rules of Civil Procedure 3 and 6(a) to compute time for the purposes of the statute of limitations when the underlying cause of action is federal rather than state. Second, even if we were to look to Oregon law for computation of time, we would find that plaintiffs' complaint was timely under Or.Rev.Stat. § 12.110, to which we look for the limitation period in § 1983 suits in Oregon.

## I. Facts and Prior Proceedings

On August 14, 2000, plaintiffs filed an action under 42 U.S.C. § 1983. Plaintiffs allege that on August 14, 1998, the individual defendants, police officers of the City of Bend, violated their civil rights under the Fourth and Fourteenth Amendments. Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), contending that plaintiffs' complaint was time-barred under the Oregon Tort Claims Act, codified at Or.Rev.Stat. § 30.275. The statute provided in relevant part:

> Except as provided in ORS 12.120 and 12.135, but notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action, an action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be commenced *within two years after the alleged loss or injury.*

Or.Rev.Stat. § 30.275(8) (2000) (revised 2001) (emphasis added). Defendants asserted that under Or.Rev.Stat. § 30.275, a year is 365 days and a leap year is considered a year and one day. Because the year 2000 was a leap year, defendants argued that plaintiffs had to file the lawsuit by Sunday, August 13, 2000, in order to meet the 730–day deadline.

In their opposition, plaintiffs cited, *inter alia,* Or.Rev.Stat. § 174.120, which provides:

> Except as otherwise provided in ORCP 10, the time within which an act is to be done, as provided in the civil and criminal procedure statutes, is computed by excluding the first day and including the last *unless the last day falls upon any legal holiday or on Saturday, in which case the last day is also excluded.*

(Emphasis added.) Pointing out that August 13, 2000, was a Sunday, a legal holiday under Oregon state law, plaintiffs argued that Or.Rev.Stat. § 174.120 extended the limitations period to Monday, August 14, 2000.

The district court granted the motion to dismiss. The court first noted that under *Federal Land Bank of Spokane v. Glenn,* 100 Or.App. 262, 264 n. 3, 785 P.2d 1069 (1990), a year does not include the extra day in a leap year for purposes of calculating a limitations period. The court then found that Or.Rev.Stat. § 174.120 does not apply to Or.Rev.Stat. § 30.275 because the latter statute is considered under Oregon law to be a substantive, not procedural, statute. *See* Or.Rev.Stat. § 174.120 (applying only to "civil and criminal *procedure* statutes" (emphasis added)); *Tyree v. Tyree,* 116 Or.App. 317, 320, 840 P.2d 1378 (1993) ("ORS 30.275 is not a procedural statute."). Thus, according to the district court, the last day of the applicable limitations period was Sunday, August 13, 2000, and plaintiffs filed their complaint one day too late. Plaintiffs timely appealed.

## II. Rules 3 and 6(a) Apply to Suits Brought under Federal Law

We first hold that because plaintiffs filed their suit in federal court, and because plaintiffs' underlying cause of action is federal, Rule 3 of the Federal Rules of Civil Procedure tells us when the action "commences" for purposes of the statute of limitations, and that Rule 6(a) tells us how

to compute the time for purposes of Rule 3.

In *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), the Supreme Court held that if a Federal Rule of Civil Procedure regulates a matter in federal court that is procedural, or even arguably procedural, that rule controls. The requirement that the rule be at least arguably procedural comes from the Rules Enabling Act, 28 U.S.C. § 2072, which provided that the federal rules "shall not abridge, enlarge or modify any substantive right." Because the Rules Enabling Act was enacted in 1934, four years before the Court decided *Erie Railroad Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), its proviso restricting the permissible scope of the rules could not have been designed to serve the purposes of *Erie* and thereby to ensure the primacy of state law. Rather, the proviso was designed to serve the purposes of the anti-delegation doctrine by limiting the scope of rules that were adopted with minimal congressional involvement. *See* Stephen B. Burbank, *The Rules Enabling Act of 1934,* 135 U. Pa. L.Rev. 909 (1987). In accordance with this understanding, *Hanna* held that the rules are designed to govern arguably procedural matters in federal district court, whether the underlying substantive law is federal or state, and whether the source of subject matter jurisdiction is federal question or diversity. If this simple view articulated in *Hanna* had not been qualified by later cases, we would straightforwardly apply Rules 3 and 6(a), and that would be the end of the analysis.

But in *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), and *West v. Conrail*, 481 U.S. 35, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987), the Supreme Court held that Rule 3 means something different depending on whether the suit is based on state or federal law. Rule 3 provides: "A civil action is commenced by filing a complaint with the court." In *Walker*, the Court held that filing a complaint in federal court does not commence a suit based on state law for purposes of the statute of limitations. However, in a footnote, the Court suggested that filing a complaint *might* toll the limitations period in a suit based on federal law. *See id.* at 751 n. 11, 100 S.Ct. 1978 ("We do not here address the role of Rule 3 as a tolling provision for a statute of limitations, whether set by federal law or borrowed from state law, if the cause of action is based on federal law."). This suggestion—that Rule 3 might operate differently depending on whether the underlying cause of action is state or federal—is, of course, inconsistent with the scheme of the 1934 Rules Enabling Act and with *Hanna's* apparent insistence that a federal rule operate in the same fashion irrespective of the state or federal character of the underlying substantive law.

In West, the Court responded to the suggestion in the *Walker* footnote. It held that Rule 3 does tell us when a suit based on federal law commences, at least when the statute of limitations is borrowed from federal law. In West, the underlying cause of action was based on the federal National Labor Relations Act, and the statute of limitations was borrowed from a different federal statute. *See DelCostello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The Court wrote in *West:*

> [W]e now hold that when the underlying cause of action is based on federal law and the absence of an express federal statute of limitations makes it necessary to borrow a limitations period from another statute, the action is not barred if it has been "commenced" in compliance with Rule 3 within the borrowed period.

481 U.S. at 39, 107 S.Ct. 1538. Thus, after *Walker* and *West,* we know the following:

Rule 3 does not commence a suit based on state law for purposes of the statute of limitations (*Walker*). However, Rule 3 does commence a suit based on federal law that has a statute of limitations borrowed from federal law (*West*).

*Walker* and West do not, however, answer the precise question in this case: Does Rule 3 tell us when a suit commences where (like West) the cause of action is federal, but where (unlike West) the statute of limitations is borrowed from state rather than federal law? As we know from *Wilson*, the statute of limitations for § 1983 actions is borrowed from state personal injury tort law. *See also Chardon v. Fumero Soto*, 462 U.S. 650, 103 S.Ct. 2611, 77 L.Ed.2d 74 (1983); *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). We must decide how much of that state law should be borrowed. According to *Wilson*, "[o]nly the length of the limitations period, and closely related questions of tolling and application are to be governed by state law." 471 U.S. at 269, 105 S.Ct. 1938.

■ The phrase "closely related questions of tolling" is not to be given a broad reading, for, as the Court wrote in *West*, "when it is necessary for us to borrow a statute of limitations, we borrow no more than necessary." 481 U.S. at 39, 107 S.Ct. 1538. The tolling rules that we take from state law, consistent with *Wilson*, are broad tolling rules. Such rules include a would-be litigant's incapacity, *see TwoRivers v. Lewis*, 174 F.3d 987 (9th Cir.1999) (incarceration); *Ormiston v. Nelson*, 117 F.3d 69, 72 n. 3 (2d Cir.1997) (insanity), the pendency of other proceedings, *see Johnson v. Rivera*, 272 F.3d 519 (7th Cir. 2001); *Harris v. Hegmann*, 198 F.3d 153 (5th Cir.1999), and equitable tolling, *see Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir.2001).

■ The four circuit courts that have addressed the specific issue before us have

concluded that the state rule is not a "closely related" tolling rule within the meaning of *Wilson*, and have held that Rule 3 provides the rule for determining when a § 1983 action is commenced. *See McIntosh v. Antonino*, 71 F.3d 29 (1st Cir.1995); *Moore v. State of Indiana*, 999 F.2d 1125 (7th Cir.1993); *Lewis v. Richmond City Police Dep't*, 947 F.2d 733 (4th Cir.1991); *Martin v. Demma*, 831 F.2d 69 (5th Cir.1987). We now join our sister circuits and hold that Rule 3 provides the tolling rule for a borrowed state statute of limitations in § 1983 actions. That is, we hold that a § 1983 action is commenced in federal district court for purposes of the statute of limitations when the complaint is filed.

■ We further hold, as a necessary corollary, that the computation of time, for purposes of Rule 3 tolling, is governed by Rule 6(a). That rule provides, in relevant part:

> In computing any period of time prescribed or allowed by these rules, ... [t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday[....]

Because Rule 3 tells us when this action commences, Rule 6(a) applies, telling us how to compute "any period of time prescribed or allowed by these rules."

Since the last day of the two-year Oregon statute of limitations fell on a Sunday, Rule 6(a) provides that that day is not counted for purposes of Rule 3. Thus, even if Or.Rev.Stat. § 30.275 were the applicable statute, as the district court held, that would not matter, for Rules 3 and 6(a), taken together, dictate that a Sunday not be counted in a § 1983 action when that Sunday is the last day in the period. Plaintiffs' action was therefore timely filed.

### III. Or.Rev.Stat. § 12.110 is the Applicable Statute of Limitations

■ Even if we looked solely to Oregon law for computation of time, we would reverse the holding of the district court. The district court correctly found that under Oregon law, a year is 365 days, even in a leap year. *See Fed. Land Bank of Spokane,* 100 Or.App. at 264 n. 3, 785 P.2d 1069 ("Even if a one-year redemption period were applicable, mortgagor loses. The sheriff's sale occurred December 8, 1987, and the actual redemption occurred on December 8, 1988. *1988 was a leap year, and the redemption occurred 366 days after the sale. A year is 365 days.*" (emphasis added)). However, the district court erred in applying Or.Rev.Stat. § 30.275 instead of § 12.110 to plaintiffs' § 1983 action.

■ Defendants claim that the issue of whether Or.Rev.Stat. § 30.275 is the proper statute of limitations is not properly before us because it was not raised in the district court. We disagree. The plaintiffs asserted in their opposition brief in the district court: "Notice provisions of the Oregon Tort Claim Act *are not relevant* to this action. *Sanok v. Grimes,* 306 Or. 259, 760 P.2d 228 (1988)" (emphasis added). In *Sanok v. Grimes,* 306 Or. 259, 760 P.2d 228 (1988), the Oregon Supreme Court specifically held that the limitations period of the Oregon Tort Claims Act, Or.Rev.Stat. § 30.275, does not apply to § 1983 actions. The *Sanok* court held, rather, that the appropriate statute of limitations in § 1983 actions is Or.Rev.Stat. § 12.110. We hold that through the above assertion and citation to *Sanok,* plaintiffs sufficiently raised an argument that Or. Rev.Stat. § 30.275 does not apply to their § 1983 action.

■ Under our precedent, as well as that of the Oregon state courts, the district court should have applied Or.Rev.Stat. § 12.110 to plaintiffs' complaint. In *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court held that the relevant state statute for personal injuries, rather than the state statute for statutory claims, should be used as the statute of limitations for § 1983 actions. Following *Wilson,* we held in *Davis v. Harvey,* 789 F.2d 1332 (9th Cir.1986), that Oregon's statute of limitations for personal injury actions, Or. Rev.Stat. § 12.110, rather than the Oregon Tort Claims Act, Or.Rev.Stat. § 30.275, applies to a § 1983 action. Two years after *Davis,* the Oregon Supreme Court decided *Sanok,* in which it held:

> For some time the question of the proper statute of limitations to apply in federal section 1983 cases was subject to considerable dispute. In 1985 the United States Supreme Court settled the question by holding that the federal character of section 1983 and the need for a uniform statute of limitations for the variety of claims under section 1983 required that the relevant state statute for personal injuries be used as the statute of limitations for all section 1983 actions. ... *For this reason, plaintiffs' claim under section 1983 is governed by the two-year limit of ORS 12.110, rather than the similar limit of ORS 30.275(8). The* Wilson *court specifically held that state limitations periods for statutory claims would not apply in section 1983 actions.*

*Sanok,* 306 Or. at 262–63, 760 P.2d 228 (citations omitted) (emphasis added). We later reiterated, in *Cooper v. City of Ashland,* 871 F.2d 104 (9th Cir.1989), that "Oregon's two-year statute of limitations for personal injury actions applies to actions under 42 U.S.C. § 1983. *See* Or.Rev. Stat. § 12.110(1)." *Cooper,* 871 F.2d at 105. The district court therefore erred by failing to apply Or.Rev.Stat. § 12.110 to plaintiffs' § 1983 action.

■ Plaintiffs' complaint is timely under Or.Rev.Stat. § 12.110, even without resort to Federal Rules of Civil Procedure 3 and 6(a). Although both Or.Rev.Stat. § 30.275(8) and Or.Rev.Stat. § 12.110(1) provide for a two-year limitations period, the Oregon Supreme Court has held that Or.Rev.Stat. § 174.120 applies to the computation of the statute of limitations in Or.Rev.Stat. § 12.110(1). *See Stupek v. Wyle Laboratories Corp.*, 327 Or. 433, 963 P.2d 678 (1998). As noted, supra, § 174.120 provides that if the last day falls on a Saturday of legal holiday (including a Sunday) that day is excluded from any time calculation. Thus, under Or.Rev.Stat. § 12.110, a two-year limitations period ending on a Sunday would be extended to the following Monday. Plaintiffs' limitations period under Or.Rev.Stat. § 12.110 did not expire until Monday, August 14, 2000, the day plaintiffs filed their complaint, and plaintiffs' complaint was therefore timely filed.

We therefore REVERSE the holding of the district court and REMAND for further proceedings.

KING, District Judge, concurring:

I join Parts I and III of the majority's opinion and concur in the result of Part II. However, I write separately to express that, in my view, we need not delve into the implications of *Hanna* or *Walker* because this appeal involves a federal § 1983 claim, not a state claim based on diversity jurisdiction.[1] Consequently, the inquiry

should begin with *West v. Conrail*, 481 U.S. 35, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987), a case requiring the court to borrow the statute of limitations for a federal claim, as is the case here.

Admittedly, *West* involved the borrowing of the statute of limitations from another federal law, while *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), mandates that we borrow the statute of limitations for the § 1983 claim at issue in this case from state law. However, this difference is inconsequential for our purposes because when we borrow state law for a federal claim, we are applying federal, not state, law and do not undermine the federal nature of the claim. *See Jutzi–Johnson v. United States*, 263 F.3d 753, 760 (7th Cir.2001)("When a federal court borrows a state statute of limitations, the court is not applying state law; it is applying federal law."). Therefore, in my view, *West's* holding is equally applicable when we borrow the state statute of limitations for this § 1983 action.

For the foregoing reasons, I concur in the result in Part II, but join Parts I and III of the majority's opinion.

---

1. I also do not join in the majority's discussion of *Hanna* and *Walker,* as I do not believe that *Walker* qualifies *Hanna* as the majority states. Indeed, it cannot be said that *Hanna* had not contemplated the situation in *Walker.* In fact, the *Hanna* Court chose to distinguish, not overrule, *Ragan v. Merchants Transfer & Warehouse Co.,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), a case that is, according to the Supreme Court, "indistinguishable" from *Walker. See Walker,* 446 U.S. at 748, 100 S.Ct. 1978. In my view, the problem is

not that *Walker* qualifies *Hanna.* Instead, the problem is that *West,* in conjunction with *Walker,* created an anomaly resulting in Rule 3 having a different scope depending upon whether the underlying claim is based on federal or state law. Insofar as the Supreme Court has created this anomaly as to Rule 3, it is beyond our ability to change. Whether this anomaly may portend incongruent application of other Federal Rules of Civil Procedure is not a question we need to confront in this case.