Argued and submitted February 19, reversed and remanded April 24, 2003

Dawn NEFF,
*Appellant,*

*v.*

JACKSON COUNTY,
a public body;
Jackson County Airport Authority,
a public body,
dba Rogue Valley International Airport;
Bern Case;
and Craig Baldwin,
*Respondents.*

002650 L2; A115870

67 P3d 977

J. Michael Mattingly argued the cause for appellant. With him on the brief was Steven V. Rizzo, P.C.

Ryan J. Vanderhoof argued the cause for respondents Jackson County and Jackson County Airport Authority. Allen E. Eraut argued the cause for respondents Bern Case and Craig Baldwin. With them on the brief were P. David Ingalls, Hornecker, Cowling, Hassen, et al., Tracy M.

McGovern and Frohnmayer, Deatherage, Pratt, Jamieson, Clarke & Moore.

John T. Kaempf and Bullivant Houser Bailey, PC, filed the brief *amicus curiae* for Oregon Association of Defense Counsel.

Theodore C. Peters and Racine Olson Nye Budge & Bailey, Boise, Idaho, filed the brief *amicus curiae* for Diane Doll.

Before Haselton, Presiding Judge,* and Linder and Wollheim, Judges.

HASELTON, P. J.

---

* Haselton, P. J., *vice* Landau, P. J.

## HASELTON, P. J.

Plaintiff appeals from the trial court's judgment dismissing her statutory "whistleblower retaliation" claim, ORS 659.035 (1999) and ORS 659.550 (1999),[1] as barred by the one-year statute of limitations, ORS 659.121(3) (1999).[2] The alleged unlawful employment practice occurred on August 4, 1999, and plaintiff filed this action on August 4, 2000—a period of 366 days, because 2000 was a leap year. The sole question is whether, in those circumstances, the action was brought within *"one year* of the occurrence of the alleged unlawful employment practice." ORS 659.121(3) (1999) (emphasis added). We answer that question affirmatively. Accordingly, we reverse and remand.

For purposes of this appeal, the material facts are undisputed. On August 4, 1999, plaintiff left her employment with defendant Jackson County Airport Authority because of alleged retaliatory acts that defendants Case and Baldwin committed against her for reporting ethical violations to the Jackson County Administrator's office. On August 4, 2000, plaintiff filed this action against defendants, alleging claims for whistleblower retaliation and wrongful discharge, as well as a claim under 42 USC section 1983. Plaintiff's whistleblower retaliation claim, which included separate counts under ORS 659.035 (1999) and ORS 659.550 (1999), alleged that plaintiff had been constructively discharged on August 4, 1999. Thus, because 2000 was a leap year, plaintiff's action was commenced 366 days after the alleged accrual of her whistleblower retaliation cause of action.

Defendants moved, pursuant to ORCP 21 A(9),[3] to dismiss both counts of plaintiff's whistleblower claim as

---

[1] In 2001, as part of a comprehensive overhaul of ORS chapter 659, the legislature created a new chapter 659A, and those statutes were renumbered as ORS 659A.233 and ORS 659A.230, respectively. Or Laws 2001, ch 621, §§ 40, 63.

[2] As modified in the 2001 revisions, that statute of limitations is now set out at ORS 659A.875(1).

[3] ORCP 21 A(9) provides:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a complaint, counterclaim, cross-claim or third party claim, shall be asserted in the responsive pleading thereto, except that the following defenses may at the option of the pleader be made by motion to dismiss: * * * (9) that the pleading shows that the action has not been commenced within the time limited by statute."

barred by the one-year statute of limitations of ORS 659.121(3) (1999). Defendants argued that dismissal was compelled under *Federal Land Bank of Spokane v. Glenn*, 100 Or App 262, 785 P2d 1069, *rev den*, 310 Or 121 (1990). In that case, which involved the application of an entirely different statute, we observed, in a footnote, that a year consists of 365 days, regardless of whether that year is a leap year. *Id.* at 264-65 n 3.

Plaintiff responded that the plain and commonly understood meaning of "year," as used in ORS 659.121(3) (1999), is a calendar year composed of 12 months, and not a particular number of days. Plaintiff also asserted that defendants' reliance on *Federal Land Bank of Spokane* was misplaced because our footnoted discussion there was merely *dictum*—and bad *dictum*, at that.

The trial court granted defendants' motion to dismiss. Although the trial court stated that it "personally agree[d]" with "all the negative things" plaintiff's counsel had said about *Federal Land Bank of Spokane*, it viewed the footnoted discussion as binding:

> "I hope that [plaintiff's counsel] can point out to the Court of Appeals the error in the *Federal Land Bank [of Spokane] v. Glenn* case. It serves no purpose here. It's — it is a trap, as you say, but I'm bound by it. And therefore, I reluctantly, but because it's precedent and I have to follow it, grant the Motion to Dismiss on that claim."

The court subsequently entered an ORCP 67 B judgment against both counts of plaintiff's whistleblower claim, and this appeal followed.

On appeal, the parties reiterate their arguments.[4] As amplified below, applying the methodology of *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), we conclude that "one year" in ORS 659.121(3) (1999) connotes a calendar year of 12 months—which in a leap year encompasses 366 days. We further agree with

_____

[4] In addition, the Oregon Association of Defense Counsel and Diane Doll, a defendant in a case involving a similar issue, submitted *amicus curiae* briefs supporting defendants' position.

plaintiff that our discussion in *Federal Land Bank of Spokane* was flawed *dictum*, and we disavow that *dictum*.[5]

In construing "one year," as used in ORS 659.121(3) (1999), we employ the well-worn *PGE* template. Thus, we first examine the text and context of the statutory provision at issue, "keeping in mind the goal of ascertaining the legislature's intended meaning of the wording that it enacted into law." *City of Keizer v. Lake Labish Water Control Dist.*, 185 Or App 425, 431, 60 P3d 557 (2002).

ORS 659.121(3) (1999) provides:

"Where no complaint has been filed pursuant to ORS 659.040(1) or 659.045(1) and except as otherwise provided herein, the civil suit or action shall be commenced *within one year of the occurrence* of the alleged unlawful employment practice."

(Emphasis added.) The statutory text does not define the term "year." Nor does any other contextually apposite statute.[6] However, "words of common usage typically should be given their plain, natural, and ordinary meaning." *PGE*, 317 Or at 611.

In common usage, a "year" is defined as "a cycle in the Gregorian calendar *having 365 or 366 days divided into 12 months* beginning with January and ending with December." *Webster's Third New Int'l Dictionary* 2648 (unabridged ed 1993) (emphasis added). That definition corroborates plaintiff's position that the "plain, natural, and ordinary meaning" of "year" is a calendar year composed of 12 months.

---

[5] In that regard, we imply no criticism of the trial court's deference to our discussion. As an intermediate appellate court, we fully appreciate the trial court's predicament as to second-guessing a reviewing court's pronouncements as *"dicta."* Compare *State v. Jones*, 165 Or App 55, 60-61, 995 P2d 571 (2000), *aff'd*, 332 Or 284, 27 P3d 119 (2001), *with Coalition for Safe Power v. PUC*, 139 Or App 358, 363-64, 911 P2d 1272 (1996), *rev'd on other grounds*, 325 Or 447, 939 P2d 1167 (1997).

[6] Our review has disclosed only two Oregon statutes that define "year." First, ORS 308.007(2)(b), which pertains to property tax assessment, defines "year" as "the assessment year." "Assessment year" is, in turn, defined as the "calendar year." ORS 308.007(1)(b). Second, ORS 366.785(1), which pertains to highway fund appropriations to cities, defines "year" as "a calendar year."

We note, moreover, that, while the same dictionary lists nine other definitions of "year," none of those definitions limits that term exclusively to a period of 365 days.[7] Rather, the definition of "year" as "having 365 or 366 days" refers to "leap year," which, in turn, is defined as *one of the years in the Gregorian calendar* containing the intercalary day February 29: a Gregorian year of 366 days." *Id.* at 1286 (emphasis added). Those definitions demonstrate that the plain meaning of "year" is a calendar year, of either 365 *or* 366 days.[8]

Nothing in the statutory context subverts or contradicts that understanding. That is, nothing suggests that the legislature intended "one year" in ORS 659.121(3) (1999) to have a meaning deviating from common usage. Indeed, the generally remedial purpose of chapter 659[9]—to vindicate victims of unlawful discrimination—strongly suggests the contrary. Given that purpose, it would have been incongruous for the legislature to have created a limitations "trap" for citizens in plaintiff's position.

In sum, the "text-in-context" inquiry is conclusive. "Year," in ORS 659.121(3) (1999), means a calendar year of 365 or 366 days.

Defendants nevertheless invoke our footnoted discussion in *Federal Land Bank of Spokane*. Before addressing the content of that footnote, we put it in context. In *Federal Land Bank of Spokane*, a mortgagor sought to redeem property that had been foreclosed. 100 Or App at 264. The mortgagee had purchased the property at a sheriff's sale, on

---

[7] The closest that any of the alternatives comes is to define "year" as "the period of about 365 1/4 solar days required for one revolution of the earth around the sun * * *." *Id.*

[8] *See also State ex rel. Stadter v. Patterson*, 197 Or 1, 18, 251 P2d 123 (1952) (concluding that, in the context of determining whether a state senator could constitutionally remain in office after the expiration of his term, "[t]he word year, as used in statutes or constitutions, ordinarily means calendar year, but the meaning in all cases is dependent on the subject-matter and the connection in which the word is used").

[9] As noted earlier, 187 Or App at 405 n 1, in 2001, the legislature revised ORS chapter 659 and renumbered most of those statutes within the new ORS chapter 659A.

December 8, 1987, and then sold to a third party (the purchaser). On December 8, 1988—366 days after the sheriff's sale—the mortgagor filed for redemption. The trial court found for the mortgagor and ordered the sheriff to issue a certificate of redemption to the mortgagor. *Id.*

The purchaser appealed the trial court's order, arguing that, because the applicable statute, ORS 23.560, required that redemption occur within 180 days of the sheriff's sale, the redemption was untimely and was, thus, void as a matter of law. We agreed: "Whether the redemption was timely is an easy question. It was not, by more than 185 days." *Id.* However, immediately after that holding, we then inserted the following footnote:

> "*Even if a one-year redemption period were applicable*, mortgagor loses. The sheriff's sale occurred December 8, 1987, and the actual redemption occurred on December 8, 1988. 1988 was a leap year, and the redemption occurred 366 days after the sale. A year is 365 days. *See Kirk et al. v. Rose v. Woods et ux*, 218 Or 593, 599, 346 P2d 90 (1959), *overruled in part on other grounds First Federal v. Gruber*, 290 Or 53, 618 P2d 1265 (1980)).
>
> "The trial court erred when it held that the extra day was not a substantial irregularity and that the redemption could proceed. The right to redeem from a foreclosure is wholly statutory. The trial court could not lessen mortgagor's responsibility to redeem within the statutory period."

*Id.* at 264-65 n 3 (emphasis added).

Defendants argue that that footnote represents a binding holding—or, at least, persuasive authority—that a "year" is composed of 365 days, without regard to leap years. We disagree. The footnote was *dictum*. Our holding that the redemption had not occurred within the 180 days specified by ORS 23.560 and, thus, that the redemption was void as a matter of law, disposed of the timeliness question in its entirety. The discussion in the footnote that followed—considering and deciding a hypothetical scenario in which a one-year limitation period for redemption claims applied—was unnecessary to the disposition of the case and, thus, is entitled to no precedential force. *See, e.g., State v. Thompson*, 166 Or App 370, 375, 998 P2d 762, *rev den*, 331 Or 192 (2000)

(concluding that an observation in another case was *dictum* where the question addressed was not an issue in that case and was not necessary in deciding the issue in that case); *State v. Martin*, 124 Or App 459, 465 n 3, 863 P2d 1276 (1993) (noting that, on remand from the Supreme Court, a statement in our original opinion in the same case "was not necessary to our decision and we are not bound by it").

Defendants alternatively assert that, even if the footnote is *dictum*, we should adhere to it as persuasive. Although "we generally will follow *dicta* that are helpful," *Thompson*, 166 Or App at 375, we decline to do so here for at least two reasons.

First, the footnote's underlying authority is inapposite. The footnote relies solely on *Kirk*, and nothing in *Kirk* suggested that a "year" is *exclusively* 365 days. Indeed, nothing in *Kirk* touched on the proper treatment of a leap year. Rather, both of the years involved there (1958 and 1959) were nonleap years. *See Kirk*, 218 Or at 594-95.[10]

Second, *Federal Land Bank of Spokane* predated *PGE*, and nothing in the footnote purports to discern the "plain, natural, and ordinary meaning" of the term "year." *PGE*, 317 Or at 611. Rather, the footnote cites only *Kirk*— and, again, *Kirk* did not address, much less decide, the question of statutory construction now presented.

Our suggestion in *Federal Land Bank of Spokane* that a "year" is exclusively "365 days" was erroneous *dictum*. We disavow it in its entirety.[11]

---

[10] In *Kirk*, a mortgage redemption case, the purchasers sought an order directing the sheriff to execute a deed conveying to them property they had bought at a sheriff's sale. 218 Or at 595-96. The sheriff's sale occurred on March 11, 1958, and the notice of redemption was delivered on March 9, 1959. The purchasers advanced three arguments why the mortgagor's attempt at redemption had failed; one of those arguments was that the notice of redemption was not filed within the one-year period prescribed by the then-existing version of ORS 23.560. The trial court found for the purchasers, and the mortgagor appealed. *Id.* at 596.

On appeal, the Supreme Court rejected the purchasers' three arguments and reversed. Specifically, in addressing the timeliness question, the court applied the computation of time standard in ORS 174.120, and concluded that, as "the year of redemption referred to in ORS 23.560, supra, began March 12, 1958, and the whole of March 11, 1959, would be necessary to make up the full period of one year or 365 days[,]" the March 9, 1959, redemption notice was timely. *Id.* at 599.

[11] For the same reasons, defendants' reliance on *deParrie v. City of Portland*, No 92-312-FR, 1993 WL 8376 (D Or Jan 4, 1993), and *amicus* OADC's reliance on

We note, finally, that our statutory construction of "one year" comports not only with common usage, but also with common sense. If defendants were correct, the "six-year" statute of limitations for breach of contract actions, ORS 12.080, would, in fact, be 2,190 days; a "ten-year" period of ultimate repose, *see, e.g.,* ORS 12.115(1), would, in fact, be 3,650 days; and a "25-year" minimum prison sentence, ORS 163.115(5)(b), would, in fact, be 9,125 days. For that matter, under defendants' view, a juvenile would attain "15 years of age" for purposes of the application of Ballot Measure 11, ORS 137.707, three or four days before[12] his or her fifteenth birthday.[13] As a matter of common sense, people do not think of a period of years in terms of days. As a matter of statutory construction, the legislature did not either.

The trial court erred in dismissing the two counts of plaintiff's whistleblower retaliation claim as barred by the statute of limitations.

Reversed and remanded.

---

*Sain v. City of Bend,* 309 F3d 1134 (9th Cir 2002), is unavailing. In *deParrie,* an unpublished federal district court opinion, the court cited *Federal Land Bank of Spokane* in support of its conclusion that, under Oregon law, "a statutory period of limitation described in terms of a 'year' means 365 days, and a year is not extended beyond 365 days because it contains 366 days." 1993 WL 8376, at *2. Similarly, in *Sain,* the Ninth Circuit cited *Federal Land Bank of Spokane* in support of its conclusion that "[e]ven if we looked solely to Oregon law for computation of time * * * [t]he district court correctly found that, under Oregon law, a year is 365 days, even in a leap year." 309 F3d at 1139.

The federal courts' construction of Oregon law is not, of course, binding on us—and, given their reliance (however understandable) on the now-repudiated discussion in *Federal Land Bank of Spokane,* is no longer even persuasive.

[12] Depending on the year of birth, the number of intervening leap years will vary. For example, a person born in August 1999 would have four leap years—or, more precisely, leap days—before his or her 15th birthday, but a person born in August 2000 would have only three.

[13] *Accord Coley v. Morrow,* 183 Or App 426, 52 P3d 1090, *rev den,* 335 Or 104 (2002) (under "indivisible-day" rule, a person attains "15 years of age" for purposes of ORS 137.707 at 12:00 a.m. on his or her fifteenth birthday).