Argued and submitted August 6, reversed and remanded October 22, 2003

Joseph A. KOWALSKI,
*Appellant,*

*v.*

HEREFORD L'OASIS,
a sole proprietorship;
Larry Gerrels and Terry Gerrels,
as owners; and Does I-V,
*Respondents,*

*and*

Jim LOWE
and Vicki Lowe,
*Defendants.*

01-558; A117196

79 P3d 319

Wally Ogdahl argued the cause for appellant. On the brief were Mitchell R. Barker and Litster Injury Lawyers, Boise.

Hans A. Mitchell argued the cause for respondents. With him on the brief was Quane Smith LLP, Boise.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Plaintiff appeals a summary judgment dismissing his claim on the ground that it is time barred. We reverse and remand.

On August 15, 1999, plaintiff was injured when he fell to the floor while eating at Hereford L'Oasis, a restaurant in Baker County. On August 15, 2001, plaintiff filed the original complaint in this negligence action for damages arising from that accident. The complaint named as defendants "Hereford L'Oasis, a sole proprietorship; Jim Lowe and Vicky Lowe or Larry Gerrels and Terry Gerrels; or Richard Branum and Joseph Branum, as owners; and Does I-V, unknown parties." The complaint alleged that Hereford L'Oasis was a "sole proprietorship" that was owned by "one or more" of the named individual defendants.

Plaintiff did not serve the original complaint on any of the named defendants. Instead, on September 10, 2001, plaintiff filed an amended complaint that named the same defendants as in the original complaint, with the exception of Richard and Joseph Branum, who were dropped from the action. As did the original complaint, the amended complaint alleged that Hereford L'Oasis was a "sole proprietorship" that was owned by "one or more" of the named individual defendants. The allegations in the amended complaint otherwise were identical to those in the original complaint.

On September 28, 2001, plaintiff served Larry and Terry Gerrels with summonses and copies of the amended complaint. On September 27, 2001, plaintiff served summons and a copy of the amended complaint on Jim Lowe as "agent for service" of Hereford L'Oasis. On October 4, 2001, plaintiff also purported to serve Hereford L'Oasis by serving summons and a copy of the amended complaint on Kathy Lowe, "registered agent."[1] On October 16, 2001, plaintiff voluntarily dismissed the action as to the Lowes.[2] Defendants then filed

---

[1] Because the parties have not addressed either the necessity or the sufficiency of the purported service of summons and the amended complaint on Hereford L'Oasis, we do not consider those issues.

[2] The remaining defendants, Larry and Terry Gerrels and Hereford L'Oasis, are hereafter referred to as "defendants."

a motion to dismiss the amended complaint on the grounds that (1) the service of summons and complaint was untimely and, therefore, the action was time barred, and (2) the original complaint, even though filed on the second anniversary of the accident, was untimely filed because there was an intervening leap year. The trial court granted the motion to dismiss on the first ground. Plaintiff appeals from the ensuing judgment of dismissal.

Plaintiff asserts that the trial court erred in dismissing the action because the amended complaint was served within 60 days after the filing of the original complaint, which, he asserts, was timely filed. Defendants respond that the original complaint was untimely filed and that, even if it was timely, the action nonetheless was time barred. Defendants reason that, because plaintiff failed to serve them with summonses and copies of the original complaint, the action was commenced only when the amended complaint was filed, more than two years after the accident.

■ Plaintiff's claim was subject to the two-year statute of limitations applicable to personal injury claims. *See* ORS 12.110. After the trial court dismissed the action, we held in *Neff v. Jackson County*, 187 Or App 402, 408, 67 P3d 977 (2003), that the word "year," as used in a statute of limitations, refers to a calendar year, not a 365-day period. We therefore rejected the defendant's argument in that case that the plaintiff's complaint, filed on the anniversary of the accrual of her cause of action, nevertheless was time barred because of an intervening leap year. *Id. Neff* disposes of defendants' argument that the original complaint in this action was untimely filed. Because the original complaint was filed within the applicable two-year limitations period, the dispositive issue is whether plaintiff's failure to serve defendants with summonses and copies of that complaint required dismissal of this action.

■ ORS 12.020(2) provides:

"If the first publication of summons or other service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person of whom the court by such service has acquired jurisdiction shall be deemed to

have been commenced upon the date on which the complaint in the action was filed."

Plaintiff argues that, because summonses and copies of the amended complaint were served on defendants within 60 days after the complaint was filed, this action is deemed to have been commenced on the date on which the complaint was filed. For the reasons explained below, we agree.

Because no defendant filed a responsive pleading to the original complaint, plaintiff was entitled to file the amended complaint without permission from the trial court. *See* ORCP 23 A.[3] ORCP 23 C provides:

> "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, such party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining any defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment."

Under the first sentence of ORCP 23 C, the filing of an amended pleading relates back to the date of the original pleading if the claims in both pleadings arise out of the same "conduct, transaction, or occurrence." However, the second

---

[3] ORCP 23 A provides:

"A pleading may be amended by a party once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. Whenever an amended pleading is filed, it shall be served upon all parties who are not in default, but as to all parties who are in default or against whom a default previously has been entered, judgment may be rendered in accordance with the prayer of the original pleading served upon them; and neither the amended pleading nor the process thereon need be served upon such parties in default unless the amended pleading asks for additional relief against the parties in default."

sentence of ORCP 23 C imposes additional conditions for relation back when the amended pleading "changes" the party against whom the claim is made.

Defendants rely on two cases in which we construed ORCP 23 C, *Harmon v. Fred Meyer*, 146 Or App 295, 933 P2d 361 (1997), and *Richlick v. Relco Equipment, Inc.*, 120 Or App 81, 852 P2d 240, *rev den*, 317 Or 605 (1993), in support of their position that plaintiff's failure to serve the original complaint is fatal to his claim.

*Harmon* involved the application of ORCP 23 C to a *misnomer* problem, that is, the correct defendant was misnamed in the original complaint. We stated that

> "there can be a circumstance when a party that has been served correctly but not correctly named in the original complaint is brought before the court by the complaint; in such a circumstance, an amendment of the pleading to correct the party's name does not result in a change of parties."

*Harmon*, 146 Or App at 299. Because the correct defendant was served with the original complaint within the 60-day period, we held that it reasonably should have understood that it was the entity intended to be sued. *Id.* at 299-300. Therefore, we concluded that relation back under ORCP 23 C of the amended complaint to the filing date of the original complaint made the action timely commenced under ORS 12.110. *Harmon*, 146 Or App at 302.

In *Richlick*, the correct defendant was named for the first time in the amended complaint. The *plaintiff* contended that the amended complaint effected a "change" of defendants. *Richlick*, 120 Or App at 85. According to the plaintiff, because the correct defendant received notice of the action within 60 days of the filing of the original complaint, the amendment correctly naming it as the defendant related back to the filing date of the original complaint. We concluded that, even if a change of party within the meaning of ORCP 23 C had occurred, "[f]or purposes of relation back under ORCP 23 C, the party to be brought in must have received notice of the action within the period of limitations for the particular action," not the limitation period plus 60 days. *Richlick*, 120 Or App at 85. Because the amendment did not

relate back to the filing of the original complaint under ORCP 23 C, the 60-day period provided in ORS 12.020(2) did not shelter the action from dismissal as time barred. *Id.*

Defendants rely in particular on the following passage from *Harmon*, in which we distinguished *Richlick*:

> "Our opinion in *Richlick* does not require a different result. There, the original complaint both misnamed the defendant and named an incorrect but existing entity; the correct defendant was not served with a copy of the original complaint. The amended complaint correctly named the defendant, but was filed and served on the correct defendant only after the running of the statute of limitations, although within the 60-day period allowed for service of summons. *Thus, regardless of whether the amended complaint had effected a change in the party, it did not relate back, because the original complaint had never been served on the correct defendant.* The original complaint therefore did not commence the action against the correct defendant, and there was no complaint to which the amended complaint could relate back."

*Harmon*, 146 Or App at 301 (emphasis added). According to defendants, the italicized language requires service of the original complaint in order for an amended complaint to relate back to the filing of the original complaint, even if the amendment did not change the defendant. We disagree.

Here, unlike in *Richlick* and *Harmon*, plaintiff properly named the correct defendants in the original complaint. The only "change" effected by the amendment was the deletion of two defendants. By its terms, the second sentence of ORCP 23 C applies only to parties *"brought in* by amendment." (Emphasis added.) Because the amended complaint did not add parties to the action, we have no occasion to consider whether the conditions prescribed in the second sentence of the rule were satisfied "within the period provided by law for commencing the action." The only provision of ORCP 23 C that applies to the amendment in this case is the first sentence of the rule. Because it is undisputed that the claim asserted in the amended complaint "arose" out of the "occurrence set forth" in the original complaint, the amended complaint related back to the date of the filing of the original complaint.

■ Defendants argue that the action nevertheless is time barred because, in order to obtain the benefit of the 60-day rule under ORS 12.020(2), plaintiff was required to serve defendants with summonses and copies of the *original* complaint during that period. Defendants are mistaken. ORS 12.020(2) says nothing about service of any particular pleading; rather, it prescribes *service of summons* before the expiration of 60 days after the date on which the complaint was filed. Defendants here were served with summonses and copies of the amended complaint within 60 days after the original complaint was filed. Summons is the process that, among other things, directs a defendant to appear in an action or face default. *See* ORCP 7 C(3)(a) (prescribing content of summons). Although several subsections of ORCP 7 refer to "the complaint," none of those provisions distinguishes, for purposes of service together with summons, between the original complaint and an amended complaint.[4]

■ The original complaint in this action was superseded by the filing of the amended complaint. *Propp v. Long*, 313 Or 218, 222-23, 831 P2d 685 (1992); *see also* ORCP 23 D (providing that an "amended pleading shall be complete in itself, without reference to the original or any preceding amended one"). Therefore, defendants had no right or obligation to file a responsive pleading to the original complaint. Instead, they were required to respond to the amended complaint. *See* ORCP 15 C (stating that "[a] party shall respond to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise directs"). Under the circumstances, service of summons and the original complaint would have been pointless. Nothing in the text or context of ORS 12.020(2) required plaintiff, in order to take advantage of the 60-day period, to perform such a useless and potentially misleading formality.

To summarize, plaintiff was entitled to file the amended complaint without leave of court because defendants, not having been served with the original complaint, had not yet responded to it. ORCP 23 A. Because the

---

[4] *See, e.g.*, ORCP 7 D(2)(a), (c); (6)(b).

amended complaint arose from the same occurrence alleged in the original complaint and did not effect a "change" in parties, it related back to the date on which the original complaint was filed. ORCP 23 C. Further, because plaintiff served defendants with summonses and copies of the operative complaint—the amended complaint—within 60 days after the original complaint was filed, this action is deemed to have been commenced on the date that the original complaint was filed. ORS 12.020(2). The original complaint was timely filed, because it was filed on the second anniversary of the accident. ORS 12.110; *Neff*, 187 Or App at 411. Therefore, plaintiff's claim against defendants is not time barred.

Reversed and remanded.