**Billy James PARHAM, Plaintiff— Appellant,**

v.

**MULTNOMAH COUNTY; et al., Defendants—Appellees.**

No. 05–35138.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 13, 2006.

Billy James Parham, Eagle–Point, OR, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michelle A. Bellia, Esq., Office of Multnomah County Attorney, Portland, OR, for Defendants–Appellees.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Oregon state prisoner Billy James Parham appeals pro se from the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging Eighth and Fourteenth Amendment violations associated with restricted access to legal materials during his confinement in disciplinary segregation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir.1994) (per curiam), and we affirm.

Contrary to Parham's contention, actual injury is a jurisdictional requirement for an access to courts claim and may not be waived. *See Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The district court properly granted summary judgment on Parham's claim regarding the restrictions on his access to the law library and its materials while he was housed in disciplinary segregation because Parham failed to demonstrate that the restricted access actually hindered his ability to pursue his legal claims in the courts. *See id.*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

The district court properly granted summary judgment on Parham's equal protection claim because Parham failed to show that he was a member of a protected class and that defendants discriminated against him on the basis of that class. *See Lee v. City of Los Angeles*, 250 F.3d 668, 686–87 (9th Cir.2001).

The district court properly dismissed Parham's excessive force claim as barred by the statute of limitations because Parham did not file his complaint within the two-year limitations period. *See* O.R.S. § 12.110(1); *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir.2002). Parham's contention that the district court should have applied the mailbox rule to his complaint is unpersuasive.

**AFFIRMED.**