**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TRAVELL L. BRADFORD,

        Plaintiff - Appellant,

  v.

CLACKAMAS COUNTY; et al.,

        Defendants - Appellees.

No. 12-35211

D.C. No. 3:08-cv-00644-BR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted August 12, 2014[**]
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

    Travell Bradford ("Bradford") appeals *pro se* the district court's final

judgment and dismissal orders in his 42 U.S.C. § 1983 action against prison

officials.  He claims the district court erred in dismissing all but one defendant

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

from his first claim for relief and in dismissing his second and third claims for relief in their entirety. He also claims the district court abused its discretion in allowing certain witness testimony. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the history of the case, we need not recount it here.

I

We review de novo a district court's dismissal of claims on statute of limitations grounds. *Ellis v. City of San Diego*, 176 F.3d 1183, 1188 (9th Cir. 1999). Oregon's two-year personal injury statute of limitations governs the timeliness of this § 1983 action. *See Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002). The district court properly determined that Bradford's second and third claims for relief were time barred because all the incidents Bradford alleged in those claims occurred more than two years prior to the filing of his complaint on May 16, 2008.

We review de novo a dismissal for failure to state a claim. *Ortez v. Wash. Cnty.*, 88 F.3d 804, 807 (9th Cir. 1996). Dismissal is proper if "it appears beyond doubt that he can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotation marks omitted). The district court properly dismissed the first claim as to Sheriff Roberts because Bradford set forth no facts

2

alleging that the Sheriff "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The district court also properly dismissed the first claim as to Clackamas County because Bradford set forth no facts alleging that the County "had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation he suffered," or that the County "fail[ed] to properly train [its] officers and the failure to train amount[ed] to deliberate indifference to [his] rights." *Galen v. Cnty. of L.A.*, 477 F.3d 652, 667 (9th Cir. 2007) (internal quotation marks omitted).

We review a grant of summary judgment de novo. *Taylor*, 880 F.2d at 1044. "In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). The district court properly granted summary judgment to defendants Moore, Bergerson, and Dunkle because Bradford failed to produce evidence of personal participation by those defendants and alleged only that they were present during and observed the May 31, 2006, incident.

II

"When, as here, a party seeks to argue the merits of an order that does not appear on the face of the notice of appeal, we generally consider two factors: (1) whether the intent to appeal a specific judgment can be fairly inferred and (2) whether the appellee [was] prejudiced by the mistake." *Lolli v. Cnty. of Orange*, 351 F.3d 410, 414 (9th Cir. 2003) (alteration in original and internal quotation marks omitted). While Bradford's intent to appeal the district court's evidentiary rulings and admission of expert testimony is not readily apparent from his notices of appeal, he nonetheless raised these arguments in his opening brief, and Clackamas County fully briefed them in response. Clackamas County was not prejudiced as a result. "Liberally constru[ing]" Bradford's pleadings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), we conclude that we have jurisdiction to consider these claims.

We review for an abuse of discretion the district court's evidentiary rulings, *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 943 (9th Cir. 2009), and the decision to admit expert testimony, *Millenkamp v. Davisco Foods Int'l Inc.*, 562 F.3d 971, 979 (9th Cir. 2009). "A party seeking reversal for evidentiary error must show that the error was prejudicial, and that the verdict was 'more probably than not' affected as a result." *Boyd*, 576 F.3d at 943 (quoting *McEuin v. Crow Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir. 2003)). We conclude the district court did

4

not abuse its discretion in allowing the testimony of Sergeant Robert Jensen as a lay witness and the expert testimony of Dr. Reed Wilson because Bradford has failed to show that the testimony was prejudicial and "more probably than not" affected the verdict.

## III

We do not consider all other arguments raised for the first time on appeal. *Raich v. Gonzales*, 500 F.3d 850, 868 (9th Cir. 2007).

**AFFIRMED.**