NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELDON JAY BENNETT,

   Plaintiff-Appellant,

 v.

TWO RIVERS CORRECTIONAL
INSTITUTION; L. IVERSON; P. DAY; L.
BRAUN; T. RIDLEY; C. HARRIS; D.
SANDERS; POLLARD, Cpl.,

   Defendants-Appellees.

No. 19-35728

D.C. No. 2:18-cv-00347-MO

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted August 4, 2021**
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit
Judges.

  Eldon Jay Bennett, Jr. appeals the district court's grant of summary

judgment for various staff members of Two Rivers Correctional Institution.

---

  *  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  **  The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Reviewing de novo, we affirm. *See Hamilton v. State Farm Fire & Gas Co.*, 270 F.3d 778, 782 (9th Cir. 2001).

Claims one and two are time-barred because a two-year statute of limitations applies, the alleged incidents took place in 2015, and Bennett did not file his complaint until February of 2018. *See Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002) (holding that Oregon claims brought under 42 U.S.C. § 1983 are subject to a two-year statute of limitations). Bennett argues that these claims should be treated as ongoing violations together with the acts alleged in claim three, which is not time-barred. That argument is foreclosed by *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101 (2002). *See Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 829 (9th Cir. 2003) ("We have applied *Morgan* to bar § 1983 claims predicated on discrete time-barred acts, notwithstanding that those acts are related to timely-filed claims.").

As to claim three, Bennett argues that the district court erred in holding that he failed to allege the personal involvement of any named defendant. Bennett argues specifically that the district court should have treated his grievances as part of his pleadings under Federal Rule of Civil Procedure 10(c). But Bennett did not attach the grievances as an exhibit, and Rule 10(c) only provides that a "copy of a written instrument *that is an exhibit* to a pleading is a part of the pleading for all purposes." Fed. R. Civ. Proc. Rule 10(c)(emphasis added). Bennett also argues

that he should have been allowed to add defendants to cure this pleading error, but when he attempted to do so in the district court, he did not comply with the local rules and did not correct his error when given the opportunity to do so.

Bennett also argues that the district court abused its discretion in staying discovery pending resolution of the motion for summary judgment. But Bennett did not object to the stay in the district court, nor did he make the necessary showing for further discovery. *See State of Cal., on Behalf of California Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (holding that a court may continue a summary judgment motion upon a showing by the opposing party that certain discoverable facts exist and are essential to defending against summary judgment).

**AFFIRMED.**