**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HEATHER KOWITZ, | No. 19-35148 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00598-SI |
| v. | |
| CITY OF PORTLAND, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted March 3, 2020[**]

Before:     MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Heather Kowitz appeals pro se from the district court's summary judgment in her employment action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, and we may affirm on any basis supported by the record. *Curley v. City of N. Las Vegas*, 772 F.3d 629,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

631 (9th Cir. 2014). We affirm.

The district court properly granted summary judgment on Kowitz's Oregon state law employment claims because Kowitz failed to commence the action in a timely manner. *See* Or. Rev. Stat. § 12.020(1) (an action is not commenced until plaintiff files a complaint and serves the summons on the defendant); Or. Rev. Stat. § 659A.875(2) (party has 90 days to file civil lawsuit after the mailing of the Oregon Bureau of Labor and Industries notice of right to sue); *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002) (federal courts apply state law statute of limitations for state law claims).

The district court properly granted summary judgment on Kowitz's discrimination claim regarding the psychological fitness for duty evaluation because Kowitz failed to raise a genuine dispute of material fact as to whether the examination was not job-related and inconsistent with business necessity. *See Brownfield v. City of Yakima*, 612 F.3d 1140, 1145 (9th Cir. 2010) (explaining business necessity standard).

Summary judgment on Kowitz's Americans with Disabilities Act ("ADA") discrimination claim regarding alleged disparate treatment and Title VII retaliation claim was proper because Kowitz failed to raise a genuine dispute of material fact as to whether the City's legitimate, nondiscriminatory reasons for its adverse actions were pretextual. *See Curley v. City of N. Las Vegas*, 772 F.3d 629, 632

(9th Cir. 2014) (explaining that in an ADA discrimination action, where an employer has offered a legitimate, nondiscriminatory reason for the adverse employment action, the burden shifts back to the employee to show that each of the employer's proffered reasons were pretextual); *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1107-08 (9th Cir. 2008) (elements of a retaliation claim under Title VII); *Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1066, 1069-70 (9th Cir. 2004) (circumstantial evidence of pretext must be specific and substantial); *see also Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir. 2010) (district court does not have to scour the record of disorganized filings in search of a genuine dispute of material fact), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc).

We do not consider allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Kowitz's request to withdraw her motion to proceed in forma pauperis (Docket Entry No. 16) is granted. Kowitz's motion to proceed in forma pauperis (Docket Entry No. 8) is denied as unnecessary. All other pending motions (Docket Entry No. 25 and Docket Entry No. 27) are denied.

**AFFIRMED.**

19-35148